UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

ZHOLTON CORNILUS HENDRIX-EL        CIVIL ACTION NO. 3:16-CV-00708

VS.                                JUDGE ROBERT G. JAMES

STATE OF LOUISIANA, ET AL          MAGISTRATE JUDGE HAYES

<u>REPORT AND RECOMMENDATION</u>

Before the court is a *pro se* Petition filed by plaintiff Zholton Cornilus Hendrix-El on May 20, 2016.  Plaintiff asserts that this Court has jurisdiction over this matter pursuant to Article III, Section 2, Article VI of the United States Constitution, particularly that this suit involves federal questions.  [Doc. 1, p.1.]  He names the following as defendants: State of Louisiana, Fourth Judicial District Court, Parish of Morehouse, Corporal Lloyd R. Hamm, Morehouse Parish Sheriff Mike Tubbs, Morehouse Parish Sheriff's Office and Benjamin Jones, Court Administrator for the Fourth Judicial District Court.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

<u>STATEMENT OF THE CASE</u>

Plaintiff's claims stem from a traffic stop that occurred on March 25, 2016, pursuant to which he was found to be in violation of La. R.S. 14:63 (criminal trespass), 14:95 (illegal carrying of a weapon) and 14:108 (resisting arrest). [Doc. 1, p. 3.]  While his complaint is difficult to decipher, it appears he makes claims of civil rights violations against the named defendants.

<u>LAW AND ANALYSIS</u>

**1.  Screening**

Plaintiff is not a prisoner; nor is he proceeding in forma pauperis.  Therefore, the screening provisions of Title 28 U.S.C. §§ 1915 and 1915A are not applicable.  However, in *Black v. Hornsby,* 2014 WL 2535168, this Court relied on *Apple v. Glenn[1]*, in which the United States Sixth Circuit Court of Appeals recognized a district court's inherent authority to conduct a limited screening procedure, *sua sponte*, in a fee-paid non-prisoner's complaint, if it appears from the pleadings and exhibits that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."

Although pro se pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), pro se litigants must still meet basic pleading requirements, and a court is not required to conjure allegations on their behalf.  *See Chao v. Dars of Texas,* 2015 WL 6522818, FN 4 (E.D. Tex. 2015).  Furthermore, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction. Therefore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479.

## 2.  Removal of Claims Related to State Court Suit

While the instant suit is before this Court pursuant to Federal Question Jurisdiction, plaintiff seems to seek a removal of his criminal case, currently pending in the Fourth Judicial District Court

---

[1] 183 F.3d 477, 479 (6th Cir.1999) (per curiam) (citing Hagans v. Lavine, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 1378–79, 39 L.Ed.2d 577 (1974))

to United States District Court for the Western District of Louisiana.  To the extent Defendant argues "`that state courts lack jurisdiction to prosecute Moorish-Americans, that argument has been repeatedly rejected.'" *State v. Ghazi-El,* No. 16-0207, 2016 BL 149945 (D. Md. May 11, 2016) (*citing Supreme-El v. Director, Department of Corrections*, 2015 WL 1138246 at 17 (quoting *El v. Mayor of City of New York*, No. 13-CV-4079, 2014 WL 4954476, at *5 (E.D.N .Y. Sept. 30, 2014) (citation omitted); *see Bond v. N.C. Dep't of Corr.*, No. 3:14-CV-379-FDW, 2014 WL 5509057, at *1 (W.D.N.C. Oct. 31, 2014) ("courts have repeatedly rejected arguments . . . by individuals who claim that they are not subject to the laws of the . . . individual States by virtue of their `Moorish American' citizenship").  "Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a . . . court's jurisdiction in criminal prosecutions. . . ."  *United States v. White*, 480 F. App'x 193, 194 (4th Cir. 2012).  "[T]he law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside." *Jones-El v. South Carolina*, No. 5:13-CV-01851, 2014 WL 958302, at *8 (D.S.C. March 11, 2014) (quoting *Smith ex rel Bey v. Kelly*, No. 12-CV-2319, 2012 WL 1898944, at *2 (E.D.N.Y. May 24, 2012)); *see United States v. James*, 328 F.3d 953, 954 (7th Cir.2003) ("Laws of the United States apply to all persons within its borders.").   Accordingly, the allegations in the complaint related to Docket Number 16-239F, and the claims made the subject therein, pending in the Fourth Judicial District Court, Parish of Morehouse should be dismissed, as this Court lacks subject matter jurisdiction over those matters.

### 3.  Civil Rights Claims

The potential allegations of violations of Plaintiff's civil rights will be addressed in a separate Memorandum.

Accordingly.

-3-

**IT IS RECOMMENDED** that claims related to the pending criminal charges in a state court proceeding, Docket Number 16-239F, be **DISMISSED WITHOUT PREJUDICE,** for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*,** 79 F.3d 1415 (5th Cir.  1996).

In Chambers at Monroe, Louisiana, May 31, 2016.

 

 

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**