UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ZHOLTON CORNILUS HENDRIX-EL** | **CIVIL ACTION NO. 3:16-CV-00708** |
| **VS.** | **JUDGE ROBERT G. JAMES** |
| **STATE OF LOUISIANA, ET AL** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* complaint of plaintiff Zholton Cornilus Hendrix-El filed on May 20, 2016, and amended complaint filed on June 30, 2016. He names the following as defendants: State of Louisiana, Fourth Judicial District Court, Parish of Morehouse, Corporal Lloyd R. Hamm, Morehouse Parish Sheriff Mike Tubbs, Morehouse Parish Sheriff's Office, Benjamin Jones, Court Administrator for the Fourth Judicial District Court, Judge Larry Jefferson, Sgt. Josh Hawthorne, Mer Rouge Police Department and Lieutenant Melvin Holmes. He seeks compensation from each defendant in the amount of $75,000.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### *Statement of the Case*

Plaintiff's allegations stem from a March 25, 2016, traffic stop and the criminal charges brought pursuant to same in Morehouse Parish, Louisiana.[1] Plaintiff suffered from an episode of P.T.S.D. while traveling home from visiting his father in Monroe on the day of the incident. [Rec. Doc. 6, p.3] He decided to park alongside of the road in a cornfield to meditate/clear his head. *Id.* While plaintiff was park parked, Defendant Hamm, patrolling the area, came upon his vehicle and

---

[1] Plaintiff's complaint attempted to remove the state court proceeding related to those charges, Docket. 16-239F, Fourth Judicial District Court, Parish of Morehouse, State of Louisiana. These claims were addressed in a separate document and are not relevant as it relates to the civil rights claims discussed herein.

observed plaintiff in the driver seat, activated his emergency lights, excited his unit and began to question the plaintiff regarding his presence on the private property. [Rec. Doc. 10-1, p. 40] When asked to show his identification, plaintiff told the officer that he was a "sovereign citizen" who didn't need to show identification. *Id.* He then informed Hamm that he had a gun, at which point Hamm drew his weapon on plaintiff, ordering him not to move, and called for backup. *Id.* Sgt. Hawthorne and Lt. Holmes of Mer Rouge Police then arrived on the scene, at which time the fully loaded 9mm Baretta was found in the back of plaintiff's pants under his shirt and jacket and a spare magazine and 21 inch expandable baton were found in plaintiff's other pocket. *Id.* The owner of the property advised the officers that he wanted the subject arrested for criminal trespassing. *Id.* Plaintiff was arrested for criminal trespassing, resisting arrest, and illegal carrying of a firearm (no concealed carry permit) and transported to Morehouse Parish Jail for booking. *Id.*

Plaintiff, "In Propia Persona, Sui Juris, Aboriginal, Indigenous Moorish American National, Freehold by Inheritance with Birthrights and protected and secured Inalienable Rights" [Rec. Doc. 6, p. 4] alleges that the defendants violated his constitutional rights, asserting claims of false arrest and false imprisonment on the part of the defendants, collectively.

*Law and Analysis*

   *1. Screening*

Plaintiff is not a prisoner; nor is he proceeding in forma pauperis. Therefore, the screening provisions of Title 28 U.S.C. §§ 1915 and 1915A are not applicable. However, in *Black v. Hornsby,* 2014 WL 2535168, this Court relied on *Apple v. Glenn*[2], in which the United States Sixth Circuit

---

[2] 183 F.3d 477, 479 (6th Cir.1999) (per curiam) (citing Hagans v. Lavine, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 1378–79, 39 L.Ed.2d 577 (1974)).

Court of Appeals recognized a district court's inherent authority to conduct a limited screening procedure, *sua sponte*, in a fee-paid, non-prisoner's complaint, if it appears from the pleadings and exhibits that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Although pro se pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), pro se litigants must still meet basic pleading requirements, and a court is not required to conjure allegations on their behalf. See *Chao v. Dars of Texas,* 2015 WL 6522818, FN 4 (E.D. Tex. 2015). Accordingly, this Court has performed an initial review of the allegations.

## 2. *Heck v. Humphrey* and *Wallace v. Kato* Considerations

Plaintiff contests the legality of his arrest and prosecution. As he has asked this court to dismiss from the record all "unconstitutional citations, summons/tickets, suit," etc. related to the pending criminal matter in the Fourth Judicial District Court, Morehouse Parish, Docket Number 16-239F, it is clear that this matter is ongoing. [See Rec. Doc. 6, p. 18] Plaintiff asserts that he is entitled to money damages based upon these alleged violations of his Constitutional rights.

If plaintiff is ultimately convicted of the pending charges, he may not be entitled to seek damages for the wrongful arrest, imprisonment, and prosecution until such time as the conviction in question has been declared invalid. See *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which held:

> ... in order to recover damages for allegedly unconstitutional ... imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

> state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2254...
>
> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, at 486-487.

*Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding state convictions.

On the other hand, since the criminal prosecution remains pending, *Heck* does not apply at this time. See *Wallace v. Kato*, 549 U.S. 384 (2007) (The *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges.) However, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended.")

Thus, to the extent that plaintiff seeks money damages for his allegedly wrongful arrest, incarceration, and prosecution, his claims should be stayed pending the outcome of the on-going criminal prosecution.

### *Conclusion and Recommendation*

Based on the foregoing

**IT IS RECOMMENDED** that this action– insofar as it seeks monetary damages for wrongful arrest, imprisonment and prosecution – be **STAYED** under the following conditions:

    a.    Within thirty (30) days of the date the state court criminal proceedings against Plaintiff have concluded, the parties must file a status report with the Clerk of Court;

    b.    If, after conclusion of the state court criminal proceedings, the stay is lifted and the Court finds Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994); if no such finding is made, the action will proceed at that time, absent some other bar to suit. See *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007);

    c.    In light of the stay, <u>Plaintiff should not file any more documents in this action until the state court proceedings have concluded</u>; and

    d.    Defendants shall not be required to answer during the pendency of the stay, and Plaintiff may not seek a default judgment or conduct any discovery.

**IT IS FURTHER RECOMMENDED** that based on the foregoing, the Notice of Intent issued by the Court on November 8, 2016 [Rec. Doc. 21] be **WITHDRAWN** and plaintiff's Motion for Extension of Time to Effect Service [Rec. Doc. 22] be **DENIED** as **MOOT**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, November 15, 2016.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**